IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLLURA,<br><br>     Plaintiff,<br><br> vs.<br><br>CITY OF PHILADELPHIA, *et al.*,<br><br>     Defendants. | Civil Action:  12-4398 |

## <u>ORDER</u>

  **AND NOW**, this _____ day of _____ 2012, upon consideration of the
Motion to Dismiss and to Strike of Defendants City of Philadelphia, Cedric White, Joseph Corvi,
Daniel Davis, Maria Ortiz-Rodriguez and Jerrold Bates, and any response thereto, it is hereby
**ORDERED and DECREED** that said Motion is **GRANTED**; and it is further **ORDERED and
DECREED** that:

  1) all claims asserted against Defendants Maria Ortiz-Rodriguez and Jerrold Bates are
**DISMISSED WITH PREJUDICE;**

  2) all tort claims asserted against the City of Philadelphia are **DISMISSED WITH
PREJUDICE**;

  3) claims of intentional infliction of emotional distress are **DISMISSED WITH
PREJUDICE**;

  4) claims under the Pennsylvania Constitution are **DISMISSED WITH PREJUDICE**;

  5) all claims for equitable and/or declaratory relief asserted against all moving
Defendants are **DISMISSED WITH PREJUDICE**; and

  6) all impertinent and/or scandalous allegations are stricken from Plaintiff's Complaint.

SO ORDERED:

_____
                                    , J.

ARCHER & GREINER
A Professional Corporation
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, Pennsylvania  19103-7393
(215) 963-3300
Attorneys for Defendants City of Philadelphia, Cedric
White, Joseph Corvi, Daniel Davis, Maria Ortiz-
Rodriguez and Jerrold Bates
BY:  JEFFREY M. SCOTT, ESQUIRE
        OLEG V. NUDELMAN, ESQUIRE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLLURA,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CITY OF PHILADELPHIA, *et al.*,<br><br>                              Defendants. | Civil Action:  12-4398 |

## DEFENDANTS' MOTION TO DISMISS AND TO STRIKE
## IMPERTINENT AND SCANDALOUS ALLEGATIONS

Defendants City of Philadelphia, Cedric White, Joseph Corvi, Daniel Davis, Maria Ortiz-

Rodriguez and Jerrold Bates, by and through their counsel, Archer & Greiner, P.C., hereby file

this Motion to Dismiss and to Strike Impertinent and Scandalous Allegations pursuant to Rules

12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.  The following is averred:

1.      The moving parties hereby incorporate by reference the attached Brief in Support of

Motion to Dismiss and Strike as though fully set forth at length.

WHEREFORE, Defendants City of Philadelphia, Cedric White, Joseph Corvi, Daniel Davis, Maria Ortiz-Rodriguez and Jerrold Bates hereby request this Court to grant the instant Motion, to dismiss with prejudice all claims against Maria Ortiz-Rodriguez and Jerrold Bates, tort claims against the City of Philadelphia, claims for intentional infliction of emotional distress, claims under the Pennsylvania Constitution, and claims for equitable and/or declaratory relief against all moving Defendants, and to strike Plaintiff's impertinent and/or scandalous allegations from the Complaint.

Respectfully submitted,

*/s/ Oleg V. Nudelman*
Oleg V. Nudelman, Esquire
Jeffrey M. Scott, Esquire
Archer & Greiner, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 963-3300
Email:   onudelman@archerlaw.com

**Attorneys for Defendants City of Philadelphia, Cedric White, Joseph Corvi, Daniel Davis, Maria Ortiz-Rodriguez and Jerrold Bates**

Dated:  August 24, 2012

ARCHER & GREINER
A Professional Corporation
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, Pennsylvania  19103-7393
(215) 963-3300
Attorneys for Defendants City of Philadelphia, Cedric
White, Joseph Corvi, Daniel Davis, Maria Ortiz-
Rodriguez and Jerrold Bates
BY:  JEFFREY M. SCOTT, ESQUIRE
     OLEG V. NUDELMAN, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COLLURA,<br><br>     Plaintiff,<br><br> vs.<br><br>CITY OF PHILADELPHIA, *et al.*,<br><br>     Defendants. | Civil Action:  12-4398 |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND
TO STRIKE IMPERTINENT AND SCANDALOUS ALLEGATIONS**

  Defendants City of Philadelphia, Cedric White, Joseph Corvi, Daniel Davis, Maria Ortiz-

Rodriguez and Jerrold Bates (collectively, the "City Defendants"), by and through their counsel,

Archer & Greiner, P.C., hereby file this Brief in Support of Their Motion to Dismiss and to

Strike Impertinent and Scandalous Allegations in Plaintiff Jason Collura's Complaint.

**I.  INTRODUCTION**

  Plaintiff attempts to assert claims under 42 U.S.C. § 1983 for violation of federal

constitutional rights and claims under Pennsylvania law stemming from his July 22, 2010 arrest

for disorderly conduct.  However, Plaintiff's *pro se* Complaint is filled with rambling and repulsive allegations, and many of his claims, even if true, are plainly invalid, as a matter of law.[1]

All Plaintiff's claims against Sergeant Maria Ortiz-Rodriguez and Staff Inspector Jerrold Bates must be dismissed under Rule 12(b)(6), as they were under no duty to investigate plaintiff's denied Internal Affairs complaint, or in the alternative, pursuant to the doctrine of qualified immunity.  Moreover, all tort claims against the City of Philadelphia must be dismissed under the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, et seq.  Plaintiff's claims of intentional infliction of emotional distress, claims under the Pennsylvania Constitution, and claims for equitable and/or declaratory relief against all City Defendants should be dismissed for failure to state claims upon which relief can be granted.  Furthermore, the impertinent and scandalous allegations against City of Philadelphia Police Officers in Plaintiff's Complaint should be stricken under Rule 12(f).

## II.    SUMMARY OF FACTS ALLEGED IN THE COMPLAINT

In this matter, Plaintiff alleges that City of Philadelphia Police Officers falsely arrested him, and that the City did not adequately investigate his subsequent complaint against the arresting Officers.  In relevant part,[2] Plaintiff claims that, on July 22, 2010, he was involved in an argument in the Wawa convenience located at 17th and Arch Streets in Philadelphia.  Compl. ¶¶ 6, 7.  He claims that after he left the store he was confronted by a private Comcast Building security guard employed by defendant Allied Barton, who informed Plaintiff that Police were

---

[1] Concurrently with the instant Motion, Defendants City of Philadelphia, Cedric White, Joseph Corvi and Daniel Davis are filing an Answer with Affirmative Defenses to Plaintiff's claims that, *arguendo*, state possible claims for relief.

[2] Plaintiff's Complaint contains a lengthy, rambling recitation of "facts" that are entirely irrelevant to the validity of Plaintiff's claims against the City Defendants in this action, and hence to this Motion.  For purposes of the Motion, the "factual" allegations of the Complaint are accepted as true but they are not admitted by the City Defendants.  See Revell v. Port Auth. of N.Y., N.J., 598 F.3d 128, 134 (3d Cir. 2010), cert. denied, 131 S. Ct. 995 (2011).

called.  Id. ¶ 8.  Plaintiff alleges that Defendant Patrol Officers Cedric White and Joseph Corvi arrived on the scene in a vehicle, and asked him for identification.  Id. ¶ 10.  Plaintiff claims the officers performed an "illegal warrant check" and asked him a number of "irrelevant" questions concerning his activities.  Id. ¶¶ 10, 11.  Then, Plaintiff alleges that one of the officers searched his person, and that he was handcuffed.  Id. ¶ 12.

Plaintiff claims that Officers Corvi and White then placed him in the back "hatch" of their vehicle, alongside certain "stuff" such as a gas tank, and drove him to the 9th Police District Headquarters.  Id. ¶ 13, 14.  Plaintiff also claims to have told the Officers that the handcuffs were too tight on his body, which allegedly caused him "severe injury and pain which he still has this day."  Id. ¶¶ 13, 19.  At the 9th District, Plaintiff alleges Defendant Officer Daniel Davis spoke to him about the incident and cuffed him to a "pipe" while Officers Corvi and White searched Plaintiff's backpack.  Id. ¶¶ 15, 16.  Plaintiff claims that Officer Corvi then decided to not give Plaintiff a citation and released him.  Id. ¶ 17.  Moreover, Plaintiff alleges that Officers Corvi and White have a "long history" of issuing "bogus city summary loitering and such citations." Id. ¶ 20.

Subsequent to the alleged July 22, 2010 incident, Plaintiff claims he filed an Internal Affairs complaint against Officers Corvi and White, which was assigned to Defendant Sergeant Maria Ortiz-Rodriguez.  Id. ¶ 19.  Plaintiff claims that Sergeant Ortiz-Rodriguez did not timely process the complaint, rushed her interview with Plaintiff, and refused to give him the names and badge numbers of certain alleged "offenders."  Id. ¶¶ 19, 20.  Plaintiff alleges that his complaint was denied, and that Defendant Jerrold Bates, Sergeant Ortiz-Rodriguez's commanding officer, approved that denial.  Id. ¶¶ 21-23.

Further, Plaintiff claims that the City has a "custom and practice of failing to train and properly supervise the scum in those uniforms," failing to adequately investigate incidents of misconduct, and condoning a pattern of abuse, false arrests and the issuance of "bogus summary citations." Id. ¶ 28.

Plaintiff's Complaint includes common law tort causes of action for false arrest and illegal imprisonment and intentional infliction of emotional distress, as well as civil rights and retaliation claims under the United States and Pennsylvania Constitutions. Id. ¶¶ 33-37. Plaintiff demands a declaration that the Defendants' acts violated his legal rights, compensatory damages in the amount of $300,000, punitive damages against all Defendants except the City of Philadelphia in the amount of $300,000, and a permanent injunction forcing the City to "create completely independent and external police disciplinary investigation department." Compl., Prayer for Relief.

## III. PLAINTIFF'S NOT WELL-PLEAD CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

### A. Standard Of Review

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). However, the Court need not credit bald assertions or legal conclusions alleged in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S.

4

544 (2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.

Federal Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288-90 (11th Cir. 2010) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).   For over fifty years, courts had used the "no set of facts" pleading standard, established in Conley v. Gibson, to judge whether a complaint can survive a motion to dismiss.  The "no set of facts" pleading standard has been abolished and a plaintiff is no longer able to just set forth "threadbare recitals of the elements of a cause of action to defeat a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3rd Cir. 2009).

Since Twombly and Iqbal, "[p]leading standards have … shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Id.  After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 210 (citing Iqbal, 556 U.S. at 678).  To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible in all types of civil actions. Id. at 684-85.

When evaluating a complaint under the plausibility standard, the district court should use a "two-pronged approach."  Initially, the district court should eliminate any allegations in the complaint that are merely legal conclusions.  The second step requires the district court to examine the well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.  When conducting this two-pronged analysis, district court judges may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.  Id. at 682 (quoting Twombly, 550 U.S. at 567).

In the case at bar, Plaintiff's complaint is so lacking in facts constituting cognizable claims against Sergeant Ortiz-Rodriguez and Inspector Bates, tort claims against the City of Philadelphia, intentional infliction of emotions distress or Pennsylvania Constitution-based claims, and claims for equitable and/or declaratory relief that it does not even meet the "no set of facts" pleading standard with respect to those claims, let alone the plausibility standard set forth in Twombly and Iqbal.  For these reasons, and those that follow, the City Defendants respectfully request that this Court dismiss all these claims with prejudice.

**B.     All Claims Against Defendant Maria Ortiz-Rodriguez Must Be Dismissed For Failure To State A Claim**

Plaintiff has sued Sergeant Ortiz-Rodriguez for her allegedly inadequate Internal Affairs investigation of Plaintiff's complaint against Officers White and Corvi.  Compl. ¶¶ 19-21.  The Complaint as against Sergeant Ortiz-Rodriguez must be dismissed because, as a matter of law, plaintiff's claims regarding the nature of the investigation of his complaint do not state a constitutional claim.

In Fuchs v. Mercer County, 260 Fed. Appx. 472 (3d Cir. 2008), a plaintiff brought claims against members of the Mercer County (PA) District Attorney's office for allegedly failing to

adequately investigate his claims of being assaulted by a police officer.  The Third Circuit dismissed that claim, noting that "'[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation.'" Id. at 475 (quoting Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007)).  Indeed, "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). See also Wise v. Augustine, No. 97-2651, 1997 U.S. Dist. LEXIS 12350, at *7 (E.D. Pa. Aug. 8, 1997) ("A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime."); Fulson v. City of Columbus, 801 F. Supp. 1, 12 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").

Simply put, Plaintiff has no constitutional grounds to contest the manner in which the investigation took place.  Accordingly, Plaintiff's claims against Sergeant Ortiz-Rodriguez must be dismissed.

### C.    All Claims Against Defendant Jerrold Bates Must Be Dismissed For Failure To State A Claim

Defendant Staff Inspector Jerrold Bates is mentioned in the body of Plaintiff's Complaint exactly once.  Specifically, Plaintiff alleges that Inspector Bates was Sergeant Ortiz-Rodriguez's "commanding 'officer' who approved the slop or 'conclusion' and is liable for it just as much as anyone else." Compl. ¶ 23.  Plainly, Inspector Bates is only accused of approving the Internal Affairs Department investigatory report and was named in the Complaint only because Plaintiff was unhappy with the outcome of the investigation.  This supervisory liability argument does not state a Section 1983 claim.

7

To sustain a Section 1983 suit, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.  It is well-established that there is no "supervisory liability" or "vicarious liability" under Section 1983.  See id. at 677.  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

Here, Plaintiff has not alleged any misconduct on the part of Inspector Bates himself. Rather, Mr. Bates was named as a defendant purely because he was Sergeant Ortiz-Rodriguez's commanding officer.  Since there is no supervisory liability under Section 1983, Plaintiff clearly has failed to state a claim for relief against Inspector Bates.  Moreover, as more fully discussed above, Plaintiff cannot state a claim for against a public official for allegedly failing to adequately investigate an Internal Affairs complaint.  This Court should, therefore, dismiss Inspector Bates from this litigation.

**D.      Plaintiff's Tort Claims Against The City Of Philadelphia Must Be Dismissed**

The City of Philadelphia enjoys absolute immunity against tort suits by virtue of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541.  Section 8541 states:  "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any liability to a person or property caused by an act of the local agency or an employee thereof or any other person."

This specific grant of immunity protects local agencies from tort liability except in eight (8) narrowly defined exceptions.  Section 8542 of the Tort Claims Act permits recovery against a local agency or its employee for negligent acts if the act falls into one of the following eight categories: (1) vehicle liability; (2) care, custody, control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals.

In the case at bar, Plaintiff has failed to set forth a cause of action that fits within any of the eight (8) enumerated exceptions to governmental immunity.  See also Cox v. Hackett, No. 05-cv-11820, 2005 U.S. Dist. LEXIS 11820, at *8 (E.D. Pa. June 15, 2005).  Therefore, judgment should be entered in favor of the City of Philadelphia on Plaintiff's state law false arrest and illegal imprisonment and intentional infliction of emotional distress claims.

### E.    Plaintiff's Intentional Infliction Of Emotional Distress Claim Must Be Dismissed Because He Has Not Alleged Extreme And Outrageous Conduct

Plaintiff attempts to plead a cause of action for intentional infliction of emotional distress, alleging that "[t]he offenders illegal actions [sic] extreme and outrageous, cause severe emotional distress, and they acted with intention to cause it."  Compl. ¶ 34.  These boilerplate legal conclusions do not state a claim for relief, and Plaintiff's intentional infliction of emotional distress must be dismissed.

Under Pennsylvania law, the elements of the tort of intentional infliction of emotional distress are:  "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the distress must be severe."  Jean Anderson Hierarchy of Agents v. Allstate Life Ins. Co., 2 F. Supp. 2d 688, 693 (E.D. Pa. 1998).  Here, Plaintiff's Complaint fails to satisfy the very first element – alleging extreme and outrageous conduct by the City Defendants.  Liability for intentional infliction of emotional distress will be found only where "the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community."  Id.  To be actionable, the alleged conduct must arouse the resentment of an average member of the community "and lead him to exclaim, 'Outrageous!'"  Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 177 (Pa. Super. Ct. 1996) (quoting Restatement (Second) of Torts § 46, comment d (1965)).  Mere insults,

indignities, threats, annoyances, petty oppressions, and other trivialities cannot serve as a basis for an intentional infliction of emotional distress claim. Id.

Here, Plaintiff makes the bare-bones and conclusory claim that the City Defendants' actions were extreme and outrageous, but does not plead any facts to support that allegation. Specifically, Plaintiff alleges that Officers Corvi and White asked him a number of questions during their on-site investigation of a complaint made against Plaintiff, "tr[ied] to intimidate" him, conducted a search of his person, and "threatened [regarding Plaintiff possibly possessing a sharp object on his person] . . . 'if you do your life is over with.'" Compl. ¶¶ 10-12.  He further alleges that Officers Corvi and White handcuffed him, arrested him, transported him to the police station in a cramped space in the back of their vehicle, and screamed at him when he tried to "crawl out" of the vehicle. Id. ¶¶ 12-14.  Plaintiff also claims that, at the police station, Officer Davis handcuffed him "to a pipe like a dog." Id. ¶ 15.

Even presuming these allegations are true, the alleged behavior of Officers Corvi, White and Davis, as a matter of law, plainly does not rise to the level of extreme and outrageous conduct under the circumstances.  Plaintiff seems to allege that he was questioned by police, arrested, and transported to district headquarters.  To a reasonable member of the community, the Officers' alleged "threatening" and "intimidating" behavior would not appear outrageous, but would rather represent ordinary actions of law enforcement officers in the course of their duties to protect the community, restore calm and order, and investigate allegations of crime.  This clear "alternative explanation" demonstrates that the Officers' lawful conduct cannot serve as a basis for an intentional infliction of emotional distress claim. Iqbal, 556 U.S. at 682 (quoting Twombly, 550 U.S. at 567).

10

After <u>Iqbal</u> and <u>Twombly</u>, it is well-established that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and will not survive a motion to dismiss. <u>Fowler v. UPMC Shadyside</u>, 578 F. 3d 203, 210 (3rd Cir. 2009) (<u>citing</u> <u>Iqbal</u>, 556 U.S. at 678). As Plaintiff has merely alleged the bare elements of the intentional infliction of emotional distress tort without alleging any facts that could reasonably rise to the level of extreme and outrageous conduct, that claim against the City Defendants must be dismissed.

**F.    Plaintiff's Claims For Equitable Relief Were Not Adequately Pled And Must Be Dismissed**

A plaintiff must establish standing to obtain equitable relief in order to survive a motion to dismiss claims for declaratory or injunctive relief. Standing to obtain such relief based "upon a past injury exists only if it is still accompanied by present adverse effects; i.e., the injury sustained from the challenged conduct is still ongoing." <u>Durham v. City & County of Erie</u>, 171 Fed. Appx. 412, 414 (3d Cir. 2006). A plaintiff can establish standing "if 'he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both real and immediate.'" <u>Id.</u> (quoting <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-02 (1983)). Further, a request for declaratory relief seeking merely a declaration that defendants violated a plaintiff's constitutional rights in the past is not a justiciable "case or controversy." <u>Martin v. Keitel</u>, 205 Fed. Appx. 925, 928 (3d Cir. 2006). A party seeking equitable relief must "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." <u>Id.</u> (quoting <u>Bauer v. Texas</u>, 341 F.3d 352, 358 (5th Cir. 2003)).

Here, Plaintiff does not argue that he faces a repeat of his alleged injuries in the future. The Complaint contains no allegations of any ongoing or future threat of injury to Plaintiff on the

part of any of the City Defendants, much less a "real or immediate" threat, and focuses entirely on harm that allegedly occurred in 2010.

Accordingly, even if the City Defendants harmed Plaintiff and violated his rights in the past, as Plaintiff alleges, he is not entitled to a declaration that the alleged conduct violated his rights under the United States Constitution or laws.  The Complaint does not allege the existence of an actual case or controversy warranting any declaration by this Court that would not have the effect of an advisory opinion.  See Armstrong World Indus. v. Adams, 961 F.2d 405, 411-12 (3d Cir. 1992) (describing a declaratory judgment granted in absence of adverse legal interests as an "exercise in futility" and requiring plaintiff to allege that present harm will flow from threat of future action and likelihood of future enforcement).

Likewise, Plaintiff has not properly pled entitlement to permanent injunctive relief forcing the City of Philadelphia "to create a completely independent and external police disciplinary investigation department."  Compl., Prayer for Relief at (iv).  It is well-recognized that a permanent injunction cannot issue absent a showing that (1) the moving party will be irreparably injured by the denial of injunctive relief; (2) the granting of the permanent injunction will not result in even greater harm to the defendant; and (3) the injunction would be in the public interest.  See Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001).  Plaintiff does not satisfy any of these elements.  He has not pled that any irreparable harm would result if the City does not establish an "external police disciplinary investigation department."  Moreover, there is no basis in the Complaint to find that the balance of hardships weighs in Plaintiff's favor, or that the requested injunctive relief is in the public interest.

Therefore, Plaintiff's claims for equitable relief, which are based on a non-existent threat of future unconstitutional conduct, must be dismissed.

G.   **To The Extent Plaintiff's Complaint Attempts To State Claims Based On The Pennsylvania Constitution, It Must Be Dismissed**

In his attempt to plead claims pursuant to Section 1983, Plaintiff relies, in part, on state law, including Article I, Sections 1, 7 and 8 of the Pennsylvania Constitution. See Compl. ¶¶ 35, 37.  To the extent Plaintiff attempts to rely on Pennsylvania state constitutional law, he has also failed to state a claim and the Complaint should be dismissed.

It is well established that Section 1983 is inapplicable to any rights protected by state statutes or the state constitution.  See, e.g., Moore v. Darlington Twp., 690 F. Supp. 2d 378 (W.D. Pa. 2010) ("§ 1983 protects only the 'rights, privileges, or immunities secured by the Constitution and laws of the United States.'").  Therefore, Plaintiff cannot base his Section 1983 complaint on any alleged violations of the Pennsylvania Constitution.  Moreover, Plaintiff has not properly pled his substantive claims for monetary, injunctive, and declaratory relief on state constitutional grounds.  There is no private right of action for monetary damages under the Pennsylvania Constitution.  See Jones v. City of Phila., 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006).  Further, to pursue claims for injunctive or declaratory relief under Pennsylvania law, Plaintiff is required to show clear and convincing proof of intended or threatened future.  See 16 P.L.E.2d Courts § 375 (2011); 21 P.L.E.2d Declaratory Judgment § 5 (2009); see also Hydropress Envtl. Servs. v. Twp. of Upper Mount Bethel, 836 A.2d 912, 917 (Pa. 2003).  As discussed above in the context of federal standing, Plaintiff has not so pled.

For these reasons, the Complaint should be dismissed to any extent Plaintiff attempts to assert claims based on the Pennsylvania Constitution.

13

**H.     Even If The Court Finds That Claims Against Sergeant Ortiz-Rodriguez And Inspector Bates Were Sufficiently Pled, Plaintiff's Claims For Monetary Damages Must Be Dismissed Because They Are Entitled To Qualified Immunity**

The Complaint alleges that Sergeant Ortiz-Rodriguez and Inspector Bates were employees of a governmental agency acting under the color of state law.  Compl. ¶ 5.  As such, they are entitled to assert the defense of qualified immunity in response to the monetary damages claims in Plaintiff's Complaint.  The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The privilege is more than a defense to liability, it is an immunity from the suit. Saucier v. Katz, 533 U.S. 194, 200 (2001), overruled in part on other grounds, Pearson, 555 U.S. at 235-36; Sharrar v. Felsing, 128 F.3d 810, 826 (3d Cir. 1997).  The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation."  Saucier, 533 U.S. at 201 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

It is well-established that once the facts are before the Court in the form of a Complaint and accepted *arguendo* by defendants, qualified immunity is a question of law for the Court, and not an issue of fact for later consideration by a jury or other fact-finder.  Carswell v. Borough of Homestead, 381 F.3d 235, 242 (3d Cir. 2004).

In Carswell, 381 F.3d at 241-42, the Third Circuit summarized the various steps required in an analysis of qualified immunity:

> The formula for analyzing a qualified immunity claim is a several stage process.  First, the court is to decide whether a constitutional violation has occurred, and then it must "'proceed to determine whether that right was clearly established at the time of the alleged violation.'"  Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Conn v. Gabbert, 526 U.S. 286, 290 (1999)).  A defendant "may . .

14

. be shielded from liability for civil damages if [his] actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow, 457 U.S. at 818).

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). See also Groh v. Ramirez, 540 U.S. 551 (2004) (explaining that whether immunity is available depends on whether the constitutional right was clearly established.); Saucier, 533 U.S. at 202 (noting that the relevant inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted").

Once these requirements are found to have been satisfied, the inquiry proceeds to another, closely related issue, that is, whether the officer made a reasonable mistake as to what the law requires. Saucier emphasized that the inquiry for qualified immunity eligibility is distinct from establishment of a constitutional violation . . .   As the Court explained, "the concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct . . . if the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense." Saucier, 533 U.S. at 205.

Although the Saucier case, on which Carswell relies in part, has been overruled in part by

Pearson v. Callahan, 555 U.S. 223, 235-36 (2009),[3] the Pearson decision has not significantly

altered the Carswell analysis, and Sergeant Ortiz-Rodriguez and Inspector Bates are entitled to

immunity on every basis made available by Carswell's decision tree.

Here, even if this Court found that Plaintiff's Complaint withstood the pleading standards

set forth by Federal Rule 8, Iqbal, and Twombly – which it does not – Sergeant Ortiz-Rodriguez

and Inspector Bates are entitled to qualified immunity because their conduct does not amount to

---

[3] The Pearson case overruled the holding in Saucier that a district court must determine whether a constitutional violation has occurred before considering other aspects of qualified immunity.  It is now clear that a district court may consider that factor first, 555 U.S. at 235-36, but is not obliged to do so.  Saucier's instruction to consider whether the alleged right in question was "clearly established" remains good law.

a constitutional tort and was reasonable under the circumstances.  See Farmer v. Brennan, 511

U.S. 825, 844 (1994) (permitting prison officials to avoid liability where they reasonably

responded to a known risk even where ultimate harm was not averted).  Given Sergeant Ortiz-

Rodriguez's reasonableness in investigating Plaintiff's complaint, and Inspector Bates'

reasonableness in approving her conclusions, Police Officers in their position would not be

aware of any violation of a clearly established constitutional right.

City Defendants will not repeat the argument and analysis set forth above explaining why

Plaintiff's allegations do not constitute a constitutional tort.  As Pearson, 555 U.S. at 235-36,

holds, a federal court deciding a question of qualified immunity may, if it wishes, decide first

whether a constitutional violation has been alleged against Sergeant Ortiz-Rodriguez and

Inspector Bates at all, and if not, they are obviously entitled to judgment in their favor on the

federal constitutional claims asserted against him.

"'[T]here must be sufficient precedent at the time of the action, factually similar to the

plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally

prohibited.'"  McKee v. Hart, 436 F.3d 165, 171 (3d Cir. 2006) (quoting McLaughlin v. Watson,

271 F.3d 566, 572 (3d Cir. 2001)).  In this case, Sergeant Ortiz-Rodriguez and Inspector Bates

would have had no reason to conclude that their conduct, to the extent that it occurred if at all,

was in violation of any "clearly established right" of Plaintiff.  Under the Carswell analysis,

individuals in their position are entitled to qualified immunity as a matter of law.  Carswell, 381

F.3d at 241-42; see also Saucier, 533 U.S. at 202.

Plaintiff has failed to state a cause of action against Sergeant Ortiz-Rodriguez and

Inspector Bates in their individual capacities, and has yet to describe any conduct on their part

that is even arguably unconstitutional.  The litigation of any claims for monetary damages against them should therefore end at this point, on the basis of qualified immunity.

## IV.     THE IMPERTINENT AND SCANDALOUS ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN UNDER RULE 12(F)

Plaintiff's Complaint is peppered with repulsive language toward the Defendants and contains numerous disparaging and threatening statements that are entirely immaterial to Plaintiff's substantive claims.  This language should be stricken from the pleadings to promote the dignity of this Court's proceedings.

Under Rule 12(f), this Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of a motion to strike is to "'simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent or scandalous matter which will not have any possible bearing on the outcome of the litigation.'"  Rose v. Rothrock, No. 08-3884, 2009 U.S. Dist. LEXIS 37032, at *21-*22 (E.D. Pa. Apr. 30, 2009) (quoting Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)).  An allegation is impertinent or immaterial when it is "neither responsive nor relevant to the issues involved in the action."  2-12 Moore's Fed. Prac. Civil § 12.37 (2012).  Scandalous allegations "unnecessarily reflect[] on the moral character of an individual or state[] anything in repulsive language that detracts from the dignity of the court." Cobell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004) (citation omitted).  Thus, "extraneous and inflammatory hyperbole" should be struck from pleadings.  Rose, 2009 U.S. Dist. LEXIS 37032, at *27.  See also Morse v. Weingarten, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (language that "serves no purpose except to inflame the reader" stricken from complaint).

Here, Plaintiff's Complaint contains numerous impertinent and inflammatory statements:

- Throughout the Complaint, Plaintiff repeatedly refers to the City's Police Officers using scandalous and provocative terms such as "scumbag", "creep", "coward", "filthy" and "scum."  Compl. ¶¶ 9-12, 16-18, 20, 28, 30, 35, 37.

- Plaintiff threatens "everybody" with a lawsuit "for 1 million dollars a piece" in response to "[a]ny retaliation in any form."  He states that "[i]f somebody sneezes in my direction, that's good enough."[4]  Id. ¶ 32.

- Plaintiff describes the Police Advisory Commission, which is not a party to or subject of this matter, as "worthless."  Compl., Prayer for Relief at (iv).

This inflammatory language detracts from the dignity of this Court and these proceedings.  Plaintiff's repulsive statements concerning Philadelphia's honorable Police Officers and threats toward everyone involved in this litigation must be stricken, and this Court should advise Plaintiff to avoid using such reprehensible language in the future.

## V.    CONCLUSION

For all the foregoing reasons, Defendants City of Philadelphia, Cedric White, Joseph Corvi, Daniel Davis, Maria Ortiz-Rodriguez and Jerrold Bates respectfully request that the Court grant their Motion to Dismiss and to Strike, dismiss with prejudice all claims against Maria Ortiz-Rodriguez and Jerrold Bates, tort claims against the City of Philadelphia, claims for intentional infliction of emotional distress, claims under the Pennsylvania Constitution, and claims for equitable and/or declaratory relief against all moving Defendants, and strike Plaintiff's impertinent and/or scandalous allegations from the Complaint.

---

[4] Indeed, Plaintiff has a pattern of retaliating against judges and opposing attorneys when litigation does not go his way.  In Collura v. Disciplinary Board of the Supreme Court of Pennsylvania, et al., No. 11-5637 (E.D. Pa.), in the wake of previous litigation with the City of Philadelphia in which Plaintiff was not happy with the outcome, Plaintiff has sued the member of the Philadelphia City Solicitor's Office who represented the City in the prior litigation for various alleged constitutional violations.  Plaintiff has also sued the Disciplinary Board of the Supreme Court of Pennsylvania for denying the ethics complaint he had filed against that Assistant City Solicitor.  Moreover, in his pleadings in that case, Plaintiff describes the trial judges who handled his previous litigation as the "co-partners" of the City's counsel.

Respectfully submitted,


/s/ *Oleg V. Nudelman*
Oleg V. Nudelman, Esquire
Jeffrey M. Scott, Esquire
Archer & Greiner, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 963-3300
Email:   onudelman@archerlaw.com

**Attorneys for Defendants City of Philadelphia,
Cedric White, Joseph Corvi, Daniel Davis, Maria
Ortiz-Rodriguez and Jerrold Bates**

Dated:  August 24, 2012

19

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendants certifies that a true and correct copy of Defendants' Motion to Dismiss and to Strike was electronically filed on August 24, 2012 and is available for viewing on the Court's ECF Website.

Via Regular Mail
Jason Collura
PO BOX 934
Philadelphia PA 19105
*Plaintiff Pro Se*


*/s/ Oleg V. Nudelman*
Oleg V. Nudelman, Esquire