IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON COLLURA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:12-cv-4398 |
| | : | |
| CITY OF PHILADELPHIA, P/O CEDRIC WHITE, P/O JOSEPH CORVI, P/O DANIEL DAVIS, P/O MARIA ORTIZ-RODRIGUEZ, P/O JERROLD BATES, In Their Individual Capacities, and ALLIED BARTON, | : | |
| | : | |
| Defendants. | : | |

DuBois, J.                                                                                                                                                        December 20, 2012

**M E M O R A N D U M**

**I.**     **INTRODUCTION**

This case arises out of the arrest of pro se plaintiff Jason Collura on July 22, 2010. Plaintiff asserts claims under 42 U.S.C. § 1983 for violation of the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. Plaintiff also asserts claims under Pennsylvania law for false arrest, false imprisonment, intentional infliction of emotional distress, and violation of the Pennsylvania Constitution. All claims are asserted against defendants City of Philadelphia, Police Officer Cedric White, Police Officer Joseph Corvi, Police Officer Daniel Davis, Sergeant Maria Ortiz-Rodriguez, Inspector Jerrold Bates, in their individual capacities, (collectively "City Defendants") and AlliedBarton Security Services LLC ("AlliedBarton").[1]

---

[1] AlliedBarton Security Services LLC is incorrectly identified as "Allied Barton" in the Complaint.

1

City Defendants and AlliedBarton separately move to dismiss certain claims asserted against them. City Defendants also move to strike impertinent and scandalous allegations in plaintiff's Complaint, which AlliedBarton joins. Plaintiff moves for leave to file an amended complaint or, alternatively, to add new parties as defendants.

## II. BACKGROUND

### A. Factual Background[2]

On July 22, 2010, plaintiff was drinking a fountain soda on the sidewalk next to a Wawa on 17th and Arch streets in Philadelphia at approximately 6:00 p.m. (Compl. ¶ 6) An AlliedBarton security guard, Daniel Rosiello, emerged from the Comcast building across the street and yelled at plaintiff, "These are my f-----g sidewalks, get off them now!" (Compl. ¶ 8) Plaintiff yelled back that he could stay on the public sidewalks, and Mr. Rosiello informed plaintiff that he had already called the police. (Id.)

Defendant Officers Cedric White and Joseph Corvi arrived shortly thereafter, and Mr. Rosiello told them "some things." (Compl. ¶ 9) The officers then approached plaintiff, asking for identification, which plaintiff provided. (Compl. ¶ 10) As Officer Corvi ran his name for a warrant check, Officer White questioned plaintiff. (Id.) Plaintiff answered some questions but also asserted that he knew his rights, had given the officers his identification, and would sue if his rights continued to be violated. (Compl. ¶ 11) Officer Corvi returned, and the officers then had plaintiff move against the wall, searched him, and placed him in handcuffs, which plaintiff complained were too tight. (Compl. ¶ 12) During the search, plaintiff alleges that Officer White threatened him while asking if plaintiff had anything that would stick the officer. (Id.) Plaintiff was placed in the back "hatch" of a police SUV instead of a car and was taken to the 9th District

---

[2] As required on a motion to dismiss, the Court takes all plausible factual allegations contained in plaintiff's Complaint to be true.

police station. (Compl. ¶¶ 13-14) At the police station, plaintiff was handcuffed to a pipe by defendant Officer Davis while Officers White and Corvi searched his backpack. (Compl. ¶¶ 15-16) Officer Corvi then issued plaintiff a citation for loitering, and plaintiff was released. (Compl. ¶ 17)

The next day, plaintiff filed a complaint about the incident with the Internal Affairs Division of the Police Department. The complaint was assigned to defendant Sergeant Maria Ortiz-Rodriguez. (Compl. ¶ 19) Sergeant Ortiz-Rodriguez interviewed plaintiff about his complaint, but plaintiff alleges she never adequately pursued his claims. (Compl. ¶¶ 19-21) Sergeant Ortiz-Rodriguez ultimately concluded that it was improper for Officers White and Corvi to transport plaintiff in an SUV but allegedly cleared the officers of any other misconduct. (Compl. ¶ 21) Inspector Bates, a superior of Sergeant Ortiz-Rodriguez, approved her report and the termination of the investigation. (Compl. ¶ 23)

Plaintiff also complained to AlliedBarton about Mr. Rosiello's actions. He first spoke with Patrice O'Rourke at the Comcast building to complain about Mr. Rosiello. (Compl. ¶ 24) Ms. O'Rourke did not contact plaintiff about any subsequent investigation. (Id.) Two months after his arrest, plaintiff spoke with Diane Kowalski, Mr. Rosiello's supervisor at AlliedBarton, about Mr. Rosiello. (Compl. ¶ 25) Ms. Kowalski informed plaintiff that Mr. Rosiello had acted pursuant to company policies. (Id.)

B. Procedural Background

On July 19, 2012, plaintiff filed his Complaint in the Court of Common Pleas of Philadelphia County. On August 2, 2012, defendants removed the case to this Court. On August 9, 2012, AlliedBarton filed its Motion to Dismiss. On August 24, 2012, City Defendants filed their Motion to Dismiss and to Strike Impertinent and Scandalous Allegations. On October 9,

2012, plaintiff filed his Motion for Leave to File Amended Complaint Or Alternatively Motion to Add Parties Under Rule 21.

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff ...." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level ....'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

Plaintiff is proceeding pro se in this case. The Court is mindful of the instruction that it should read the submissions of pro se litigants generously and construe formally imperfect filings in accordance with the pro se litigant's substantive intent. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to "less stringent standards than formal pleadings drafted by lawyers"). The Supreme Court has ruled post-Twombly that dismissing a case on the

4

basis that "allegations of harm [are] too conclusory to put these matters in issue" would violate the liberal pleading standard for pro se plaintiffs. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam).

**IV.    DISCUSSION**

As an initial matter, pro se plaintiff's use of language in his Complaint and subsequent filings is outrageous and wholly inappropriate. The Court will more fully address this abusive language when it considers City Defendants' motion to strike impertinent and scandalous matter from plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(f). But the Court must be clear: had the language used by pro se plaintiff been used by an attorney, the Court sua sponte would have considered sanctions under Federal Rule of Civil Procedure 11 for the appalling language used. A party, even a party proceeding pro se, is subject to Rule 11 sanctions when filings are presented for an improper purpose, such as to harass. Fed. R. Civ. P. 11(b). After giving notice and reasonable opportunity to respond, the Court may impose sanctions on the offending party. Fed. R. Civ. P. 11(c)(1).

The Court is not considering Rule 11 sanctions at this time because plaintiff is appearing pro se. However, if pro se plaintiff continues to use such abusive language in any future filings, the Court will consider imposing Rule 11 sanctions after providing plaintiff with appropriate notice and a reasonable opportunity to cure.

A.    Motions to Dismiss

The Court will first consider AlliedBarton's Motion to Dismiss. It will then consider the Motion to Dismiss filed by City Defendants.

1. <u>AlliedBarton's Motion to Dismiss</u>

AlliedBarton seeks the dismissal of the § 1983 claims, the claims of false arrest and false imprisonment, and the intentional infliction of emotional distress claim. Each claim will be addressed in turn.

a) <u>§ 1983 claims</u>

"[A] plaintiff seeking to hold an individual liable under § 1983 must establish that [he] was deprived of a federal constitutional or statutory right by a state actor." <u>Kach v. Hose</u>, 589 F.3d 626, 646 (3d Cir. 2009). To decide if a private party is a state actor for purposes of § 1983, "the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the [private party] so that the action of the latter may be fairly treated as that of the State itself." <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 351 (1974). "Although not an agent of the state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of § 1983." <u>Abbott v. Latshaw</u>, 164 F.3d 141, 147-48 (3d Cir. 1998). Alternatively, a party, "by setting in motion a series of acts by others which [the party knew] or reasonably should [have known] would cause others to inflict the constitutional injury," is a state actor for purposes of § 1983. See <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff's allegations are insufficient to state a claim that AlliedBarton is a state actor acting under the color of state law. To claim a conspiracy with police officers so as to transform AlliedBarton into a state actor, a plaintiff is required to aver the "existence of a pre-arranged plan by which the police substituted the judgment of private parties for their own official authority." <u>Cruz v. Donnelly</u>, 727 F.2d 79, 80 (3d Cir. 1984). Plaintiff has not done so. His factual

allegations merely aver that Mr. Rosiello[3] called the police pursuant to a company policy to do so whenever he viewed something suspicious. The allegation that Mr. Rosiello said "some things" to the defendant officers when they arrived on the scene, (Compl. ¶ 9), without more, is insufficient to aver the existence of the type of pre-arranged plan described in Cruz.[4] See Cruz, 727 F.2d at 80.

The "setting in motion" theory of state actor liability articulated in Duffy is likewise inapposite to plaintiff's § 1983 claims against AlliedBarton. Although the "set in motion" theory of state actor liability under § 1983 has not been adopted by the Third Circuit,[5] some district courts in this Circuit have relied upon it. See, e.g., McCleester v. Mackel, 2008 WL 821531, at *12-13 (W.D. Pa. Mar. 27, 2008); Pilchesky v. Miller, 2006 WL 2884445, at *4-5 (M.D. Pa. Oct. 10, 2006); Williams v. Pennsylvania State Police Bureau of Liquor Control Enforcement, 144 F. Supp. 2d 382, 383-84 (E.D. Pa. 2001). However, even under this less rigorous theory, plaintiff's factual allegations fall short of properly alleging a "set in motion" theory of state actor liability against AlliedBarton. There are no factual allegations to suggest Mr. Rosiello knew or should have known when he called the police that plaintiff's constitutional rights would be violated. To decide otherwise would allow a private party who merely called the police to be exposed to

---

[3] For the purposes of the motion to dismiss, the Court assumes, without deciding, that AlliedBarton could be vicariously liable for the actions of its employees, including, but not limited to, Mr. Rosiello.

[4] Plaintiff, in his opposition to AlliedBarton's Motion to Dismiss, states that Mr. Rosiello said "get this guy" to the defendant officers when they arrived. (Pl.'s Resp. to Mot. to Dismiss at 3, 14) This factual allegation is not in the Complaint, but even if it were, it would not be sufficient to state a viable § 1983 claim against AlliedBarton as a state actor.

[5] Plaintiff cites to Burnsworth v. PC Laboratory, 364 F. App'x 772 (3d Cir. 2010) for the proposition that the Third Circuit has adopted the "set in motion" theory. Plaintiff is incorrect. In Burnsworth, the Court explicitly declined to adopt the "set in motion" theory. Burnsworth, 364 F. App'x at 775 ("this appeal is not the appropriate context for considering whether to adopt this theory in § 1983 actions").

7

§ 1983 liability as a state actor. The Court thus concludes that plaintiff has not a stated viable § 1983 claims against AlliedBarton, and the § 1983 claims against AlliedBarton are dismissed.

b) False Arrest and False Imprisonment Claims

"A false arrest is defined as 1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so." McGriff v. Vidovich, 699 A.2d 797, 799 n.3 (Pa. Commw. Ct. 1997). "The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." Renk v. City of Pittsburgh, 641 A.2d 289, 293 (1994).

Perhaps recognizing that Mr. Rosiello was not directly involved in his arrest and detention, plaintiff argues that some district courts in this District "have held that a private individual who knowingly provides false or incomplete information to law enforcement officials may be held liable for a false arrest or imprisonment resulting from that false information." See Cooper v. Muldoon, 2006 WL 1117870 (E.D. Pa. Apr. 26, 2006); Benn v. Universal Health Sys., Inc., 2001 WL 1251207, at *11 (E.D. Pa. July 24, 2001); Doby v. Decrescenzo, 1996 WL 510095, at *12 (E.D. Pa. Sept. 9, 1996). But even if the Court were to use this more expansive theory of liability for false arrest and imprisonment, plaintiff has not alleged that Mr. Rosiello knowingly provided false or incomplete information to the police.

In Simmons v. Poltrone, this Court did hold that "[i]n general, a private citizen may be liable for false imprisonment or false arrest if an officer makes an arrest without a warrant solely at the request or instigation of [the] private citizen." Simmons v. Poltrone, 1997 WL 805093, at *8 (E.D. Pa. Dec. 17, 1997) (DuBois, J.) (internal citations omitted). In this case, plaintiff alleges that his arrest was without a warrant, but there is nothing in the Complaint to suggest the arresting officers relied "solely" on Mr. Rosiello's communications with the arresting officers.

Therefore, plaintiff has failed to state a claim against AlliedBarton for false arrest and imprisonment.

        c)  <u>Intentional Infliction of Emotional Distress</u>

A Pennsylvania plaintiff seeking relief on a claim of intentional infliction of emotional distress must show (1) physical injury, <u>Rolla v. West Moreland Health Systems</u>, 651 A.2d 160, 163 (Pa. Super. Ct. 1994), and (2) conduct that is "extreme and outrageous," <u>Johnson v. Capparelli</u>, 625 A.2d 668, 672 (Pa. Super. Ct. 1993). Conduct is "extreme and outrageous" when it goes "beyond all possible bounds of decency" and can be regarded "as atrocious, and utterly intolerable in a civilized society." <u>Buczek v. First Nat'l Bank of Mifflintown</u>, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987). Whether the conduct alleged in plaintiff's Complaint rises to this level must be determined in the first instance by this Court. <u>Johnson v. Caparelli</u>, 625 A.2d 668, 671 (Pa. Super. Ct. 1993).

Plaintiff has made no allegation that Mr. Rosiello acted in a way that could be plausibly labeled "extreme and outrageous." Based on the Complaint, Mr. Rosiello called the police and said "some things" to the arresting officers when they arrived on the scene. Nothing in the Complaint rises to the level of "extreme and outrageous" conduct. Plaintiff has therefore failed to state a claim against AlliedBarton for intentional infliction of emotion distress.

    2.  <u>City Defendants' Motion to Dismiss</u>

City Defendants move for the dismissal of (a) all claims against Sergeant Ortiz-Rodriguez and Inspector Bates, (b) all tort claims against the City of Philadelphia – false arrest, false imprisonment, and intentional infliction of emotional distress, (c) the intentional infliction of emotional distress claim against all City Defendants, (d) the claims for equitable and/or

declaratory relief against all City Defendants, and (e) the claims under the Pennsylvania Constitution against all City Defendants. Each claim will be addressed in turn.

> a) Claims Against Sergeant Ortiz-Rodriguez and Inspector Bates

Plaintiff has no cognizable claim against Sergeant Ortiz-Rodriguez or Inspector Bates. In general, "there is no statutory or common law right, much less a constitutional right, to … an investigation" of an officer based on a private complaint. See Fuchs v. Mercer County, 260 F. App'x 472, 475 (3d Cir. 2008) (internal citation omitted). Plaintiff therefore cannot bring a claim against Sergeant Ortiz-Rodriguez or Inspector Bates for the alleged deficiency of their investigation of plaintiff's claims.

> b) Tort Claims Against the City of Philadelphia

The Political Subdivision Tort Claims Act provides that, "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. Ann. § 8541 (2012). Plaintiff's claims do not fall into the narrow exceptions. See 42 Pa. Cons. Stat. Ann. § 8542(b) (2012). Therefore, the claims of false arrest, false imprisonment, and intentional infliction of emotional distress against the City of Philadelphia are dismissed.

> c) Intentional Infliction of Emotional Distress Claim

The Court has already set forth the law applicable to the claims of intentional infliction of emotional distress. See supra Part IV.A.1.c. Additionally, "[t]he liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 177 (Pa. Super. Ct. 1996) (quoting Restatement (Second) of Torts § 46, comment d (1965)). In this case, the actions of Officers White, Corvi,

10

and Davis, as alleged by plaintiff, do not rise to the level of "extreme and outrageous" conduct. Plaintiff has thus failed to state a viable intentional infliction of emotional distress claim, and that claim is dismissed.

       d)   Claim for Equitable Relief

  "To satisfy the standing and 'case or controversy' requirements of Article III [of the U.S. Constitution], a party seeking a declaratory judgment 'must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" Martin v. Keitel, 205 F. App'x 925, 928 (3d Cir. 2006) (quoting Bauer v. Texas, 241 F.3d 352, 358 (5th Cir. 2003)).  The threatened harm cannot be "'imaginary or speculative.'" Steffel v. Thompson, 415 U.S. 452, 459 (1974) (quoting Younger v. Harris, 401 U.S. 37, 42 (1971)).  "[T]he plaintiff must demonstrate that the probability of that future event occurring is real and substantial, 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1154 (3d Cir. 1995) (quoting Salvation Army v. Department of Community Affairs, 919 F.2d 183, 192 (3d Cir. 1990)).  Similarly, to obtain injunctive relief, plaintiff "must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (internal quotations omitted).

  In this case, plaintiff has not alleged facts sufficient to establish the risk of future harm which warrants declaratory or injunctive relief.  His Complaint focuses on his arrest on July 22, 2010 and seeks relief flowing from that incident, but plaintiff does not allege any facts to suggest that he is at risk for future injury by the City of Philadelphia or its police officers.  He therefore has failed to state a claim warranting relief in the form of a declaratory judgment. See Martin,

205 F. App'x at 928 ("Accordingly, even if defendants violated [plaintiff's] rights in the past as he alleges, he is not entitled to a declaration to that effect."). Plaintiff has similarly failed to allege he is exposed to future injury sufficient to warrant injunctive relief.

> e) Claims Under the Pennsylvania Constitution

As an initial matter, the Court has already dismissed plaintiff's equitable claims. See supra Part IV.A.2.d. Regarding the request for monetary damages, there is no private cause of action for monetary damages under Section 8 of Article I of the Pennsylvania Constitution, which concerns unreasonable search and seizures. See Jones v. City of Philadelphia, 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006). Further, courts in this District have extended the Jones reasoning to bar monetary claims under Section 1 of Article I of the Pennsylvania Constitution, which concerns due process rights. See, e.g., Lopez v. Maczko, 2007 WL 2461709, at *6 (E.D. Pa. Aug. 16, 2007). However, the law is unsettled as to whether monetary damages may be available for violations of Section 7 of Article I of the Pennsylvania Constitution, which concerns freedom of speech. See Jones, 890 A.2d at 1208 n.33 (listing federal courts which have declined to determine if monetary damages are unavailable under any provision of the Pennsylvania Constitution). A majority of courts in this District have dismissed claims for monetary damages under Section 7 or have declined supplemental jurisdiction over such claims. See, e.g., Lopez, 2007 WL 2461709, at *6 n.16; Dooley v. City of Philadelphia, 153 F. Supp. 2d 628, 663 on reconsideration in part, 161 F. Supp. 2d 592 (E.D. Pa. 2001); Sabatini v. Reinstein, 1999 U.S. Dist. LEXIS 12820, at *6 (E.D. Pa. Aug. 18, 1999); Holder v. City of Allentown, 1994 U.S. Dist. LEXIS 7220, at *11 (E.D. Pa. May 19, 1994); see also Lees v. West Greene School Dist., 632 F.Supp. 1327, 1335 (W.D. Pa. 1986); Pendrell v. Chatham College, 386 F.Supp. 341, 344 (W.D. Pa. 1974); but see Christie v. Borough of Folcroft, 2005 WL 2396762,

at *12-13 (E.D. Pa. Sept. 27, 2005) (allowing both monetary and injunctive relief claims under Section 7). This Court will follow the majority of cases in this District and dismiss without prejudice plaintiff's claim for money damages under Section 7 of Article I of the Pennsylvania Constitution.

      B.    <u>Plaintiff's Motion for Leave to File an Amended Complaint or to Add Parties</u>

Plaintiff seeks leave to file an Amended Complaint adding Mr. Rosiello and Ms. Kowalski as defendants. Such an amendment would be "futile" because any such amended complaint could not withstand a renewed motion to dismiss for the same reasons the Court has determined that plaintiff has failed to state any claim against AlliedBarton. <u>See</u> <u>Jablonski v. Pan Am. World Airways, Inc.</u>, 863 F.2d 289, 292 (3d Cir. 1988). Therefore, plaintiff's motion for leave to file an amended complaint or to add parties is denied.

Separate and apart from this ruling, the Court grants plaintiff leave to file an amended complaint consistent with its ruling on AlliedBarton's and City Defendants' motions to dismiss, if warranted by the facts. Any such amended complaint must also comply with this Court's ruling on City Defendants' Motion to Strike Impertinent and Scandalous Allegations set forth below.

      C.    <u>City Defendants' Motion to Strike Impertinent and Scandalous Allegations</u>

City Defendants include in their Motion to Dismiss a Motion to Strike Impertinent and Scandalous Allegations from plaintiff's pleadings pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. They identify as impertinent and scandalous plaintiff's use of "scumbag," "creep," "coward," "filthy," and "scum" to describe various defendant officers. They also object to plaintiff's threat of further litigation for retaliation or "if somebody sneezes in [plaintiff's] direction" and to his labeling the Police Advisory Commission as "worthless."

13

Rule 12(f) provides that the "court may strike from a pleading … any … impertinent or scandalous matter." "To prevail, the moving party must demonstrate that 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties or [that] the allegations confuse the issues.'" Rose v. Rothrock, 2009 U.S. Dist. LEXIS 37032 at *22 (E.D. Pa. Apr. 29, 2009) (quoting River Road Development Corp. v. Carlson Corporation-Northeast, 1990 U.S. Dist. LEXIS 6201 at *7 (E.D. Pa. May 23, 1990)). The word "scandalous" "'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. 2003) (quoting 2 Moore's Federal Practice § 12.37[1] at 12-97 (3d ed. 2002)); see also In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) ("'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person.").

In Pigford, the counsel for plaintiffs accused opposing counsel in a motion of having a "racist attitude" and having contempt for "lawyers of color." 215 F.R.D. at 3. Counsel for defendants filed a motion to strike pursuant to Rule 12(f), which the court granted.[6] The court found that the accusations were plainly scandalous under Rule 12(f) and were "indefensible and wholly inappropriate and have no place in filings in this court." Id. at 4. Further, the court sua sponte found that the baseless accusations were sanctionable under Rule 11, stating that such "abusive language toward opposing counsel has no place in documents filed with our courts; the filing of a document containing such language is one form of harassment prohibited by Rule 11."

---

[6] The court acknowledged that by its terms, Rule 12(f) only applies to pleadings, but it concluded the rule could be applied to other filings. Pigford, 215 F.R.D. at 4 n.1.

Id. (internal citation omitted). Based on that determination, the Pigford court decided to strike the entire filing containing the objectionable language. Id. at 4-5.

In this case, plaintiff has used similarly scandalous language. He consistently labels different defendants as "creep." (Compl. ¶¶ 8-12, 18, 20, 23, 28, 30, 37) He calls Officers White and Corvi "scumbags." (Compl. ¶ 9) He complains that Officer White searched him with "filthy" hands. (Compl. ¶ 12, 35) He calls defendant Officer Davis a "coward." (Compl. ¶ 16) He calls Sergeant Ortiz-Rodriguez "slop" and labels her report and termination of plaintiff's Internal Affairs complaint as "excrement." (Compl. ¶ 21) He calls defendant police officers "scum," (Compl. ¶ 28), and he calls AlliedBarton security guards "slime." (Compl. ¶ 29) He threatens lawsuits for 1 million dollars for any retaliation or "if somebody sneezes in [plaintiff's] direction." (Compl. ¶ 32) He labels the Police Advisory Commission "worthless." (Compl. at 12) This use of language is repeated and amplified in plaintiff's subsequent filings, and he uses additional scandalous language concerning Mr. Oleg Nudelman,[7] counsel for City Defendants. Plaintiff also uses a contemptuous tone when addressing this Court. (See Pl.'s Mot. for Leave to File an Amend. Compl. at 1-4)

Plaintiff's use of such language is outrageous. The entirely inappropriate language and ad hominem attacks are plainly "scandalous" under Rule 12(f) and do nothing to illuminate the issues. To the contrary, the language serves only to disparage the defendants and to detract from the dignity of the Court. Accordingly, such abusive language should be struck from plaintiff's Complaint. However, because plaintiff has laced his Complaint with indefensible language, the Court cannot strike the offending passages from the Complaint without rendering the remaining allegations nonsensical. Therefore, the pervasive nature of the language that casts the defendants

---

[7] Plaintiff spends four pages disparaging Mr. Nudelman as a lawyer and engaging in ad hominem attacks against him. (Pl.'s Resp. to Defs.' Mot. to Dismiss at 9-12)

in a "cruelly derogatory light," In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d at 965, requires the Court to dismiss the remainder of plaintiff's Complaint in its entirety. Cf. Pigford, 215 F.R.D. at 4-5. This dismissal is without prejudice to plaintiff's right to file an amended complaint that reflects a proper regard for the dignity of the Court and the parties before it within thirty (30) days.

## V. CONCLUSION

For the reasons set forth above, AlliedBarton's Motion to Dismiss is granted, and all claims against AlliedBarton are dismissed. City Defendants' Motion to Dismiss is granted, and all claims challenged in that motion are dismissed.

Further, City Defendants' Motion to Strike Impertinent and Scandalous Allegations is granted, and the remainder of plaintiff's Complaint is dismissed in its entirety pursuant to Rule 12(f). Plaintiff's Motion for Leave to File an Amended Complaint or Alternatively Motion to Add Parties Under Rule 21 is denied.

Plaintiff's claims which remained after ruling on the motions to dismiss but before consideration of City Defendants' Motion to Strike Impertinent and Scandalous Allegations are as follows:

Count 1 – false arrest and illegal imprisonment against Officer White, Officer Corvi, and Officer Davis.

Count 3 – Fourth Amendment of the U.S. Constitution against City of Philadelphia, Officer White, Officer Corvi, and Officer Davis.

Count 4 – 42 U.S.C. § 1983 against City of Philadelphia, Officer White, Officer Corvi, and Officer Davis.

Count 5 – Fourteenth Amendment of the U.S. Constitution against City of Philadelphia, Officer White, Officer Corvi, and Officer Davis.

Count 6 – First Amendment of the U.S. Constitution against City of Philadelphia, Officer White, Officer Corvi, and Officer Davis.

The above claims will be allowed to proceed if plaintiff includes them in an amended complaint filed within thirty (30) days which complies in all respects with the ruling on the Motion to Strike Impertinent and Scandalous Allegations. Any such amended complaint may also include plaintiff's claims dismissed by the Court in its ruling on the motions to dismiss if warranted by the facts and the law set forth in this Memorandum.

An appropriate order follows.