IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON COLLURA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:12-cv-4398 |
| | : | |
| CITY OF PHILADELPHIA, P/O CEDRIC WHITE, P/O JOSEPH CORVI, P/O DANIEL DAVIS, P/O MARIA ORTIZ-RODRIGUEZ, P/O JERROLD BATES, In Their Individual Capacities, and ALLIED BARTON, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this 20th day of December, 2012, upon consideration of Defendant, AlliedBarton Security Services LLC's, Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. 8, filed August 9, 2012), and the related filings by the parties,[1] Defendants' Motion to Dismiss and to Strike Impertinent and Scandalous Allegations (Doc. No. 16, filed August 24, 2012), and the related filings by the parties,[2] and Plaintiff's Motion for Leave to File Amended Complaint Or Alternatively Motion to Add Parties Under Rule 21 (Doc. No. 23, filed October 9, 2012), and the related filings of the

---

[1] The related filings are as follows: Reply of Plaintiff in Opposition to Motion to Dismiss of Allied Barton (Doc. No. 14, filed August 23, 2012), and Defendant AlliedBarton Security Services LLC's Surreply Brief in Support of Their Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. 18, filed September 5, 2012).

[2] The related filings are as follows: Reply of Plaintiff in Opposition to Motion to Dismiss and to Strike Accurate Allegations of City of Philadelphia, et al. (Doc. No. 21, filed September 12, 2012), and Plaintiff's Response in Opposition to Telephone Or in Person Conference of City of Philadelphia (response to Court's letter of September 14, 2012) (Doc. No. 22, filed September 28, 2012).

parties,[3] for the reasons set forth in the Memorandum dated December 20, 2012, **IT IS ORDERED** as follows:

1. Defendant, AlliedBarton Security Services LLC's, Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. 8, filed August 9, 2012) is **GRANTED**, and all claims against AlliedBarton Security Services LLC are **DISMISSED WITHOUT PREJUDICE**.  The dismissal of the claims against AlliedBarton Security Services LLC is without prejudice to plaintiff's right to include them in an amended complaint filed within thirty (30) days if warranted by the facts and the law set forth in the Memorandum dated December 20, 2012.

2. City Defendants' Motion to Dismiss (Doc. No. 16, filed August 24, 2012) is **GRANTED**, and the following claims are **DISMISSED WITHOUT PREJUDICE**:

> a. Count 1 – false arrest and illegal imprisonment against defendants Sergeant Ortiz-Rodriguez and Inspector Bates;
>
> b. Count 2 – intentional infliction of emotional distress against all City Defendants;
>
> c. Count 3 – Article 1, Section 8 of the Pennsylvania Constitution against all City Defendants;
>
> d. Count 3 – Fourth Amendment of the U.S. Constitution against defendants Sergeant Ortiz-Rodriguez and Inspector Bates;
>
> e. Count 4 – 42 U.S.C. § 1983 against defendants Sergeant Ortiz-Rodriguez and Inspector Bates;

---

[3] The related filings are as follows: Defendant AlliedBarton Security Services LLC's Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint Or Alternatively Motion to Add Parties Under Rule 21 (Doc. No. 24, filed October 16, 2012), and Plaintiff's Reply to Opposition For Leave to File Amended Complaint By AlliedBarton (Doc. No. 25, filed October 25, 2012).

y

    f. Count 5 – Article I, Section 1 of the Pennsylvania Constitution against all City Defendants;

    g. Count 5 – Fourteenth Amendment of the U.S. Constitution against defendants Sergeant Ortiz-Rodriguez and Inspector Bates;

    h. Count 6 – Article I, Section 6 of the Pennsylvania Constitution against all City Defendants; and

    i. Count 6 – First Amendment of the U.S. Constitution against defendants Sergeant Ortiz-Rodriguez and Inspector Bates.

The dismissal of the above identified claims is without prejudice to plaintiff's right to include them in an amended complaint filed within thirty (30) days if warranted by the facts and the law set forth in the Memorandum dated December 20, 2012.

    3.  Plaintiff's Motion for Leave to File Amended Complaint Or Alternatively Motion to Add Parties Under Rule 21 (Doc. No. 23, filed October 9, 2012) is **DENIED**.

    **IT IS FURTHER ORDERED** that City Defendants' Motion to Strike Impertinent and Scandalous Allegations included in their Motion to Dismiss (Doc. No. 16, filed August 24, 2012) is **GRANTED** with respect to plaintiff's remaining claims, as follows:

    a. Count 1 – false arrest and illegal imprisonment against Officer White, Officer Corvi, and Officer Davis;

    b. Count 3 – Fourth Amendment of the U.S. Constitution against City of Philadelphia, Officer White, Officer Corvi, and Officer Davis;

    c. Count 4 – 42 U.S.C. § 1983 against City of Philadelphia, Officer White, Officer Corvi, and Officer Davis;

      d. Count 5 – Fourteenth Amendment of the U.S. Constitution against City of Philadelphia, Officer White, Officer Corvi, and Officer Davis; and

      e. Count 6 – First Amendment of the U.S. Constitution against City of Philadelphia, Officer White, Officer Corvi, and Officer Davis.

The above listed claims are **DISMISSED WITHOUT PREDJUDICE** to plaintiff's right to include them in an amended complaint filed within thirty (30) days which complies in all respects with the ruling on the Motion to Strike Impertinent and Scandalous Allegations set forth in the Memorandum dated December 20, 2012.

                                               **BY THE COURT:**

                                             **/s/ Hon. Jan E. DuBois**
                                             **JAN E. DuBOIS, J.**