IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| JASON COLLURA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 2:12-cv-4398 |
| CITY OF PHILADELPHIA, P/O CEDRIC WHITE, P/O JOSEPH CORVI, P/O DANIEL DAVIS, P/O MARIA ORTIZ-RODRIGUEZ, P/O JERROLD BATES, In Their Individual Capacities, ALLIED BARTON, DANIEL ROSIELLO, and DIANE KOLWASKI, | : | |
| Defendants. | : | |

_____

**DuBois, J.**                                                                   **March 1, 2013**

# M E M O R A N D U M

## I.   INTRODUCTION

This case arises out of the arrest of pro se plaintiff Jason Collura on July 22, 2010. Plaintiff asserts claims under 42 U.S.C. § 1983 for violation of the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. Plaintiff also asserts claims under Pennsylvania law for false arrest, false imprisonment, intentional infliction of emotional distress, and violation of the Pennsylvania Constitution. All claims are made against defendants City of Philadelphia, Police Officer Cedric White, Police Officer Joseph Corvi, Police Officer Daniel Davis, Sergeant Maria Ortiz-Rodriguez, Inspector Jerrold Bates, in their individual capacities, (collectively "City Defendants") and AlliedBarton Security Services LLC, ("AlliedBarton")[1], Daniel Rosiello, and

---

[1] AlliedBarton Security Services LLC is incorrectly identified as "Allied Barton" in the Complaint.

Diane Kowalski.

City Defendants and AlliedBarton separately moved to dismiss certain claims asserted against them. City Defendants also moved to strike impertinent and scandalous allegations in plaintiff's Complaint; AlliedBarton joined in the latter Motion.

The Court, by Memorandum and Order dated December 20, 2012, dismissed a number of plaintiff's claims without prejudice to the filing of an amended complaint consistent with the Memorandum and Order within thirty (30) days. In that Memorandum and Order, the Court also granted the City Defendants' Motion to Dismiss and to Strike impertinent and scandalous allegations and dismissed the remainder of the Complaint without prejudice to plaintiff's right to file an amended complaint consistent with the Memorandum and Order within thirty (30) days.

Plaintiff responded to the Memorandum and Order by, *inter alia*, filing a Motion for Reconsideration and a request for permission to file an interlocutory appeal. He also filed a Notice to Stand on Complaint in which he "announc[es] [his] intention to stand on his complaint and disavows any intention to reinstitute the litigation…"

For the reasons stated below, the Motion for Reconsideration and the request for permission to file an interlocutory appeal are denied.

## II.     BACKGROUND

The factual background is set forth in the Memorandum dated December 20, 2012, with one correction – the Court amends the sentence that begins on third line of Page 3 to read "Plaintiff was not charged with a crime and was released." The Court will refer to the background in this Memorandum only when necessary to explain its rulings.

## III.    LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A judgment "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, a motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); see also United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("[P]arties are not free to relitigate issues which the court has already decided."). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked." Glendon Energy, 836 F. Supp. at 1122 (internal quotations omitted).

## IV. DISCUSSION

Plaintiff seeks reconsideration under the third ground for reconsideration – the need to correct a clear error of law or fact or to prevent manifest injustice. In his Motion he has not identified a "clear error of …fact" that warrants reconsideration of the Memorandum and Order. He is correct that he was not issued a citation for loitering by Officer Corvi, and the Memorandum will be amended to reflect this correction. However, this correction of a single fact – which was not necessary to the analysis in the Memorandum or the decision of the Court – does not require reconsideration of the ruling.[2] Further, plaintiff's disagreement with the Court's

---

[2] Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff mentions a citation in his original Complaint and it is correct that, although he avers that several defendants began to prepare a citation, he does not state that a citation was issued. More significantly, the absence of a citation could have been raised by the statement "plaintiff was not charged with a

3

legal analysis does not constitute a need to correct a "clear error of law" or "to prevent manifest injustice." In short, the Court rejects plaintiff's argument on key aspects of the law applicable to the case as stated in the Memorandum dated December 20, 2012.

Plaintiff is not entitled to file an interlocutory appeal. 28 U.S.C. § 1292(b) provides that the Court may allow an interlocutory appeal of an order if the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This case does not present such a situation.

The Memorandum and Order dated December 20, 2012, granted plaintiff leave to file an amended complaint consistent with the Memorandum within thirty days. Thereafter, on January 17, 2013, plaintiff filed a Notice to Stand on Complaint (Document No. 31). Plaintiff's Notice to Stand on Complaint reads as follows:

> "Obviously it was already done but Plaintiff is announcing intention to stand on his complaint and disavows any intention to reinstitute the litigation, as the statute of limitations would not permit the refiling of a claim, and also filing a unnecessary straight up amendment. He also can't cure the defect in his complaint because there is none, the only defect here is a rogue judge who is doing whatever he wants do to and against the oath he took. Plaintiff is on his way of curing that defect."

On January 18, 2013, plaintiff filed a First Amended Complaint (Document No. 36). On February 1, 2013, defendants, AlliedBarton Security Services LLC, Daniel Rosiello and Diane Kowalski, filed a Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim upon which Relief can be Granted (Document No. 41). On that same day the City Defendants filed a Motion to Dismiss all Claims against Maria Ortiz-Rodriguez and Jerrold

---

crime and was released," but strikingly, such a statement is not included in the original Complaint.

Bates, the claim for intentional infliction of emotional distress against all City Defendants, claims for equitable relief against all City Defendants, and all claims based on the Pennsylvania Constitution. Plaintiff has responded to the motions to dismiss.

The Court concludes that Plaintiff's First Amended Complaint (Document No. 36) fails to comply with the Court's Memorandum and Order dated December 20, 2012. Plaintiff candidly admits this in his opposition to defendants' two motions to dismiss, in which he states he filed the First Amended Complaint "for the docket and nothing else, as Plaintiff did not comply with any invalid and bogus advice from the [Court]." (Pl.'s Opp. to Defs.' Mots. To Dismiss, at *2-3) A review of the First Amended Complaint confirms this: the First Amended Complaint is largely unchanged in any material way from the original Complaint with the exception of the assertion of the claims against several additional defendants[3] and the inclusion of many immaterial facts such as a description of a number of lawsuits against defendant AlliedBarton and its security guards and a summary of various complaints that have been lodged against Officers Cedric White and Joseph Corvi and other police officers. Plaintiff also cites an article about a claim of sexual abuse that occurred at the Office of Internal Affairs at a time when he claims Officer Jerrold Bates was in charge and he appends to the First Amended Complaint an article dated July 2, 2008, about overzealous police tactics covering citation offenses on South Street.

---

[3] In his original Complaint, plaintiff did not include the factual allegation that Mr. Roseillo had said "get this guy" to the arresting officers. That allegation was included in plaintiff's opposition to AlliedBarton's Motion to Dismiss his original Complaint, and it is included in his First Amended Complaint. The Court addressed that allegation in the Memorandum dated December 20, 2012 and rejected it as insufficient to support a § 1983 claim against AlliedBarton as a state actor. This factual allegation is not new and thus does not warrant reconsideration.

Finally, at the end of what is supposed to be "a short and plain statement of the claim showing that the pleader is entitled to relief," but which is actually a tirade against all of the defendants, plaintiff threatens all of the defendants in paragraph 34, as follows:

> "Any retaliation in any form, everybody is getting sued for 1 million dollars a piece. If somebody sneezes in my direction, that's good enough. Any legal harassment included failed attempts, anything. Any form of adverse action, punishment no matter how small. I will get around absolute and quailed immunity, prosecutors do not have any immunity for retaliatory prosecution. I will also get around the litigation privilege as well.[4] And let me say this, my First Amendment rights **will not be violated.** This situation will be corrected so this complaint won't be needed, but if it is I will appeal any striking, attempted striking, sanctions, full or partial dismissal. You will not violate my First Amendment rights, that includes any of you."

Plaintiff's First Amended Complaint admittedly fails to comply with the Memorandum and Order dated December 20, 2012. It is dismissed for that reason. The dismissal is without prejudice to plaintiff's right to file a second amended complaint consistent with the Court's Memorandum and Order of December 20, 2012 and this Memorandum and Order within thirty (30) days.

## V.     CONCLUSION

For the reasons set forth above, plaintiff's Motion for Reconsideration is denied. Plaintiff's First Amended Complaint is dismissed without prejudice to plaintiff's right to file a second amended complaint consistent with the Court's Memorandum and Order of December 20, 2012 and this Memorandum and Order within thirty (30) days. Plaintiff's request for permission to file an interlocutory appeal is also denied.

An appropriate order follows.

---

[4] This part of paragraph 34 was also in the original Complaint, at paragraph 32.