IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| JASON COLLURA, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | NO. 2:12-cv-4398 |
| CITY OF PHILADELPHIA, P/O CEDRIC WHITE, P/O JOSEPH CORVI, P/O DANIEL DAVIS, P/O MARIA ORTIZ-RODRIGUEZ, P/O JERROLD BATES, In Their Individual Capacities, ALLIED BARTON, DANIEL ROSIELLO, and DIANE KOLWASKI, | : | |
| Defendants. | : | |

_____

DuBois, J.                                                                                                        July 31, 2013

**M E M O R A N D U M**

**I.      INTRODUCTION**

This case arises out of the arrest of *pro se* plaintiff Jason Collura on July 22, 2010. The initial Complaint, which was removed from the Philadelphia Court of Common Pleas to this Court on August 2, 2012, included both federal and state claims against defendants City of Philadelphia, Police Officers Cedric White, Joseph Corvi, and Daniel Davis, Sergeant Maria Ortiz-Rodriguez, Inspector Jerrold Bates, in their individual capacities (collectively "City Defendants"), and Allied Barton Security Services LLC, ("Allied Barton").[1] The federal claims in the Complaint were asserted under 42 U.S.C. § 1983 for violation of the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. Plaintiff also set forth in the Complaint claims

---

[1] AlliedBarton Security Services LLC is incorrectly identified as "Allied Barton" in the Complaint.

under Pennsylvania law for false arrest, illegal imprisonment, intentional infliction of emotional distress, and violation of the Pennsylvania Constitution.

City Defendants moved to dismiss certain claims and AlliedBarton moved to dismiss all claims asserted against them. City Defendants also moved to strike impertinent and scandalous allegations in plaintiff's Complaint under Federal Rule of Civil Procedure 12(f); AlliedBarton joined in the latter Motion.

The Court, by Memorandum and Order dated December 20, 2012, dismissed a number of plaintiff's claims for failing to state claims of: (1) false arrest and illegal imprisonment against Sergeant Ortiz-Rodriguez, Inspector Bates, and AlliedBarton; (2) intentional infliction of emotional distress against all City Defendants and AlliedBarton; (3) a violation of Article 1, Section 8 of the Pennsylvania Constitution against all City Defendants; (4) a violation of the Fourth Amendment of the U.S. Constitution against Sergeant Ortiz-Rodriguez and Inspector Bates; (5) 42 U.S.C. § 1983 against Sergeant Ortiz-Rodriguez Inspector Bates, and AlliedBarton; (6) a violation of Article I, Section 1 of the Pennsylvania Constitution against all City Defendants; (7) a violation of the Fourteenth Amendment of the U.S. Constitution against Sergeant Ortiz-Rodriguez and Inspector Bates; (8) a violation of Article I, Section 6 of the Pennsylvania Constitution against all City Defendants; and (9) a violation of the First Amendment of the U.S. Constitution against Sergeant Ortiz-Rodriguez and Inspector Bates. The Court also concluded that plaintiff had failed to state a claim warranting equitable relief. The dismissal was without prejudice to plaintiff's right to re-assert all such claims if warranted by the facts and the law.

In the Memorandum and Order dated December 20, 2012, the Court also granted City Defendants' Motion to Dismiss and to Strike Impertinent and Scandalous Allegations under

Federal Rule of Civil Procedure 12(f) and dismissed the remainder of the Complaint without prejudice to plaintiff's right to file an amended complaint consistent with the Memorandum and Order within thirty (30) days.

Plaintiff responded to the Memorandum and Order with a number of submissions. First, he filed a Motion for Reconsideration, which included a request for permission to file an interlocutory appeal. Second, he filed a Notice to Stand on Complaint, in which he "announc[ed] [his] intention to stand on his complaint and disavows any intention to reinstitute the litigation…" Third, he filed a Motion for Recusal, in which he questioned the Court's impartiality. Fourth, he filed a Motion to Stay the Proceedings pending an interlocutory appeal.

Notwithstanding his Notice to Stand on Complaint, on January 18, 2013, plaintiff filed a First Amended Complaint, in which he essentially re-asserted the same claims as were set forth in the original Complaint. Those same claims were made against the same defendants and two additional defendants, Daniel Rosiello and Diane Kowalski, both employees of AlliedBarton. Plaintiff simultaneously filed a Motion to Stay his Amended Complaint, again citing his request for an interlocutory appeal.

For a second time, City Defendants moved to dismiss certain claims and AlliedBarton moved to dismiss all claims asserted against them in the First Amended Complaint. City Defendants also filed an Answer to the Amended Complaint, and plaintiff filed a Motion to Strike the affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

The Court, by Memorandum and Order dated March 1, 2013, denied the Motion for Reconsideration, denied plaintiff's request for permission to file an interlocutory appeal, and dismissed all the claims in the First Amended Complaint without prejudice to the filing of a second amended complaint consistent with the Memoranda and Orders dated December 20, 2012

3

and March 1, 2013 within thirty (30) days.  The Court's reasoning was based on the admittedly non-compliant nature of the First Amended Complaint: plaintiff admitted in his opposition to defendants' motions to dismiss that he filed the First Amended Complaint "for the docket and nothing else, as Plaintiff did not comply with any invalid and bogus advice from the [Court]."  (Pl.'s Opp. to Defs.' Mots. To Dismiss, at 2-3.)  The Court also denied as moot plaintiff's request to stay the Amended Complaint and his Motion to Strike City Defendants' Affirmative Defenses.  By separate Order dated March 1, 2013, the Court denied plaintiff's Motion for Recusal.

On March 28, 2013, plaintiff filed a Second Amended Complaint, in which he dropped his federal claims.  In that Complaint, plaintiff asserts only state law claims: (1) of false arrest and illegal imprisonment against all defendants, (2) under the Pennsylvania Constitution, Article I, Section 8 against the City Defendants, and (3) of intentional infliction of emotional distress claims against all defendants.

Contemporaneously with the filing of his Second Amended Complaint, plaintiff filed a Motion to Remand to Court of Common Pleas, in which he argues the Court lacks subject matter jurisdiction over the state law claims.[2]

On April 4, 2013, plaintiff filed a "Response to Memorandum and Order," in which he expressed his disagreement with the Court's March 1, 2013 Memorandum and Order.

AlliedBarton, Rosiello, and Kowalski now move to dismiss all claims asserted against them in plaintiff's Second Amended Complaint.  City Defendants separately move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b).  Alternatively, City Defendants seek the dismissal of all claims except the false arrest and illegal imprisonment

---

[2] In response to City Defendants' opposition to the Motion to Remand, plaintiff filed a reply brief styled a "Motion to Decline Supplemental Jurisdiction and Remand Under 28 U.S.C. 1367(c) / and Reply to Brief in Opposition to Remand."

4

claims asserted against Police Officers Cedric White, Joseph Corvi, and Daniel Davis.

For the reasons stated below, plaintiff's Motion to Remand and Motion to Decline Supplemental Jurisdiction are denied, AlliedBarton, Rosiello, and Kowalski's Motion to Dismiss is granted, and City Defendants' Motion to Dismiss is denied in part and granted in part.

## II. BACKGROUND

The factual background is set forth in the Memoranda dated December 20, 2012 and March 1, 2013. The Court will refer to the background in this Memorandum only when necessary to explain its rulings.

## III. MOTION TO REMAND

### A. Legal Standard

It is well established that "[a] subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979). After proper removal and the subsequent dropping of federal claims, the Court has supplemental jurisdiction over the remaining state-law claims. It may, however, decline to exercise its jurisdiction and remand the remaining state claims to state court. *See* 28 U.S.C. § 1367(c). A court may decline to exercise supplemental jurisdiction over a state-law claim where

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

"In deciding whether to remand, the district court should consider what best serves the principles of economy, convenience, fairness, and comity." *Trans Penn Wax Corp. v.*

*McCandless*, 50 F.3d 217, 233 (3d Cir. 1995). If a plaintiff tries to manipulate the forum, "the court should take this behavior into account in determining whether the balance of factors to be considered ... support a remand in the case." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Such behavior is "but one factor to be considered among the factors of economy, convenience, fairness, and comity." *Cabibbo v. Parsons Inspection & Maint. Corp.*, 2009 WL 3074731, at *7 (D.N.J. Sept. 23, 2009); *accord Datto v. Thomas Jefferson Univ.*, 2009 WL 577458, at *3 (E.D. Pa. Mar. 4, 2009).

    **B.**    **Discussion**

Plaintiff argues that he no longer seeks to assert any federal claims and therefore the Court lacks subject matter jurisdiction over the remaining state law claims in the case. Defendants argue that plaintiff is merely trying to manipulate the forum after two unfavorable rulings and that the Court should retain supplemental jurisdiction over the case.

Although plaintiff claims to have "realized there [are] only two [sic] claims, all state" in his Second Amended Complaint, it is apparent that this so-called realization is an attempt at forum shopping. (Pl.'s Mot. to Remand at 2.) As an initial matter, plaintiff has made clear his disagreement with the Court's rulings and has attempted – unsuccessfully – to remove this Court from the case. (*See* Pl.'s Mot. for Recusal, filed January 17, 2013 and the Court's Order dated March 1, 2013 denying that motion.) Further, the Court previously determined, *inter alia*, in its Memorandum and Order dated December 20, 2012, that plaintiff had not alleged sufficient facts to support his state law claims against AlliedBarton, City of Philadelphia, Sergeant Maria Ortiz-Rodriguez, and Inspector Jerrold Bates. Instead of alleging additional facts to support those claims or dropping them, plaintiff re-asserts them with no additional factual support and seeks a new court to consider their viability. He cannot now forum shop through selective dismissal of

only federal claims and re-assertion of previously dismissed state law claims in an attempt to avoid dismissal of his unviable state law claims. Accordingly, this factor militates strongly in favor of retaining jurisdiction.

Turning to the factor of economy, the Court is intimately familiar with the myriad filings in this case, which militates toward retaining jurisdiction. Regarding convenience, both fora – Philadelphia County Court of Common Pleas and this Court – are equally convenient. Regarding fairness, it would be unfair to defendants to allow plaintiff to manipulate the forum after an unfavorable ruling in a case that was properly before this Court. This factor therefore militates toward retaining jurisdiction. Finally, there is little federal interest in determining the boundaries of plaintiff's rights under state law, which militates against retaining jurisdiction.

In conclusion, given plaintiff's clear attempt to forum shop and the factors supporting the exercise of supplemental jurisdiction, the Court exercises supplemental jurisdiction over the remaining state law claims in plaintiff's Second Amended Complaint. *See Westmoreland Hosp. Ass'n*, 605 F.2d at 123. Plaintiff's Motion to Remand and Motion to Decline Supplemental Jurisdiction are therefore denied.

## IV. MOTIONS TO DISMISS

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff ...." *Phillips v. County of Allegheny*, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level ....'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff is proceeding *pro se* in this case. The Court is mindful of the instruction that it should read the submissions of *pro se* litigants generously and construe formally imperfect filings in accordance with the *pro se* litigant's substantive intent. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers"). The Supreme Court has ruled post-*Twombly* that dismissing a case on the basis that "allegations of harm [are] too conclusory to put these matters in issue" would violate the liberal pleading standard for *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).

**B.    Discussion**

City Defendants move to dismiss certain claims and AlliedBarton move to dismiss all claims asserted against them, respectively, in plaintiff's Second Amended Complaint. Each motion will be considered in turn.

1. **City Defendant's Motion to Dismiss**

City Defendants argue that the Second Amended Complaint does not comply with the Memoranda and Orders dated December 20, 2012 and March 1, 2013 and should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for "failure of the plaintiff … to comply with … any order of the court…" Specifically, they state that plaintiff has openly and explicitly flouted the Court's previous Orders by re-asserting previously dismissed claims with no new factual support and that sanctions short of dismissal are not generally effective against *pro se* parties. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

Alternatively, City Defendants incorporate by reference their arguments from their two previous motions to dismiss and seek the dismissal of all claims except the false arrest and illegal imprisonment claims asserted against Police Officers White, Corvi, and Davis.

Plaintiff counters that he has complied with the Court's previous orders, although he has sought to appeal the orders with which he disagrees, and that dismissal is not warranted. He also refers to his Motion to Remand and argues that the Court lacks subject matter jurisdiction to retain the case and consider the Motion to Dismiss.

The Court concludes that dismissal of the Second Amended Complaint pursuant to Rule 41(b) is not warranted. Plaintiff has been given two opportunities to file amended complaints that set forth a sufficient factual basis to support his claims. His First Amended Complaint, dated January 18, 2013, was admittedly noncompliant with the Memorandum and Order dated December 20, 2012, and it was dismissed without prejudice for that reason. Given a second opportunity to file a compliant complaint, plaintiff's Second Amended Complaint, dated March 28, 2013, drops his federal claims in a "realiz[ation] [that] there are only two [sic] claims, all state." (Pl.'s Mot. to Remand at 2.) However, the Second Amended Complaint is still largely

noncompliant with the prior Memoranda and Orders. In response to the Court's striking of his scandalous language pursuant to Rule 12(f), plaintiff repeatedly replaces the offending language with "the what Plaintiff said before" when describing the various defendants, which reflects a hyper-technical and disingenuous response to the Court's Memorandum and Order. (*See, e.g.,* Sec. Amend. Compl. ¶ 13.) In both prior Memoranda and Orders, the Court also found objectionable plaintiff's tirade against defendants, in which he threatened further litigation for any perceived "retaliation." (Compl. ¶ 32; First Amend. Compl. ¶ 34.) Plaintiff retains this threat, albeit with a different ending, in the Second Amended Complaint. (Sec. Amend. Compl. ¶ 32.) Moreover, notwithstanding (1) the dismissal of plaintiff's claims against the City of Philadelphia, Sergeant Maria Ortiz-Rodriguez, and Inspector Jerrold Bates for false arrest and illegal imprisonment, (2) the dismissal of claims against City Defendants for intentional infliction of emotion distress and violation of the Pennsylvania Constitution, and (3) the dismissal of all claims against AlliedBarton, plaintiff included in the Second Amended Complaint all of those dismissed claims without providing any additional facts sufficient to meet the requirements for asserting such claims. Nevertheless, the Court concludes that the part of the City Defendants' Motion which seeks a dismissal of the entire Second Amended Complaint pursuant to Rule 41(b) is not warranted.

Turning to City Defendants' alternative argument, the Court concludes that plaintiff has not alleged any additional facts in support of the following claims: (1) false arrest and illegal imprisonment claims against the City of Philadelphia, Sergeant Maria Ortiz-Rodriguez, and Inspector Jerrold Bates; (2) the Pennsylvania Constitution, Article I, Section 8 claims against all City Defendants; and (3) intentional infliction of emotional distress claims against all City Defendants. Therefore, for the reasons set forth in the Court's Memorandum and Order dated

December 20, 2012, the Court dismisses all such claims, this time with prejudice.  Because plaintiff has demonstrated – in three complaints – that there is no factual basis for such claims, he will not be given leave to amend as amendment would be futile.  *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  Finally, for the reasons stated in that Memorandum and Order, plaintiff is not entitled to declaratory judgment or injunctive relief.

The City Defendants did not move to dismiss the false arrest and illegal imprisonment claims asserted against Police Officers White, Corvi, and Davis.  Those claims were adequately pled and will be allowed to proceed.

### 2. AlliedBarton, Rosiello, and Kowalski Motion to Dismiss

AlliedBarton, Rosiello, and Kowalski move to dismiss plaintiff's claims asserted against them.  In support of their motion, they incorporate by reference their and City Defendants' previous arguments in support of the prior motions to dismiss.  Plaintiff counters that the Court lacks federal jurisdiction to consider the motion.

The Court concludes that plaintiff has failed to state claims for false arrest, illegal imprisonment, and intentional infliction of emotional distress against AlliedBarton, Rosiello, and Kowalski.  Plaintiff has not alleged any new facts to support his claims that would serve to change the Court's prior determination that these claims against these defendants lack sufficient factual support.  Therefore, for the reasons set forth in the Court's Memorandum and Order dated December 20, 2012, the Court dismisses all claims against AlliedBarton, Rosiello, and Kowalski, this time with prejudice.[3]  Because plaintiff has demonstrated – in three complaints – that there is

---

[3] Although no claims were asserted against Rosiello and Kowalski in the original Complaint, the factual averments underlying the claims against AlliedBarton concerned only the individual employees, and the Court – in the Memorandum and Order dated December 20, 2012 – assumed, without deciding, that AlliedBarton would be vicariously liable for their actions.  Therefore, the Court's reasons for concluding that plaintiff failed to state a claim against AlliedBarton applies

11

no factual basis for such claims, he will not be given leave to amend as amendment would be futile. *See Jablonski*, 863 F.2d at 292.

## V. CONCLUSION

The Court notes that plaintiff has deleted from the Second Amended Complaint most, but not all, of the objectionable language that was present in his initial Complaint. Further, plaintiff has continued to use inappropriate language in his other filings. For example, he labels Rosiello a "monster" and calls the attorneys for defendants "worthless incompetent wannabe sharks." (Pl.'s Resp. to City Defs.' Mot. to Dism. at 2; Pl.'s Resp. to Memorandum and Order at 4.) Similarly, he calls this Court an "excuse of a court" when expressing his disagreement with the Memorandum and Order dated March 1, 2013 and refers to that Memorandum and Order as a "favor" to defendants. (Pl.'s Resp. to Memorandum and Order at 2, 4.) Such conduct warrants consideration of sanctions by the Court. Nevertheless, the Court chooses not to sanction plaintiff on the present state of the record.

The Court will not tolerate *ad hominem* attacks upon the parties or this Court, and plaintiff's continued use of such language risks sanctions under the applicable Federal Rules of Civil Procedure, including dismissal of the case with prejudice. The parties shall proceed in this case with proper regard for the dignity of the Court and the parties before it.

For the reasons set forth above, plaintiff's Motion to Remand and Motion to Decline Supplemental Jurisdiction are denied, and the Court retains supplemental jurisdiction over the case. City Defendants' Motion to Dismiss is denied in part and granted in part. All claims against City Defendants, except the false arrest and illegal imprisonment claims asserted against Police Officers White, Corvi, and Davis, are dismissed with prejudice. AlliedBarton, Rosiello,

---

with equal force to those same claims in the Second Amended Complaint asserted against Rosiello and Kowalski.

and Kowalski's Motion to Dismiss is granted, and all claims asserted against them are dismissed with prejudice.

What remains in the case are plaintiff's claims of false arrest and illegal imprisonment against Police Officers White, Corvi, and Davis.  Plaintiff and counsel for defendant Police Officers Cedric White, Joseph Corvi, and Daniel Davis shall meet and confer and provide the Court with a Case Management Order pursuant to Federal Rule of Civil Procedure 26(f) on or before August 30, 2013.  Failure to comply with this directive will result in consideration by the Court of the imposition of appropriate sanctions under the applicable Federal Rules of Civil Procedure, including dismissal of the case with prejudice.

An appropriate order follows.